# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 cv 4968 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| WEXFORD HEALTH SOURCES, INC., SALEH ) | |
| OBAISI, ANN HUNDLY DAVIS, LATONYA ) | |
| WILLIAMS, LOUIS SHICKER, MICHAEL ) | |
| LEMKE, and DORRETTA O'BRIEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carl Hemphill, filed a Second Amended Complaint under 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need in violation of his Eighth Amendment rights against cruel and unusual punishment. Defendants, Louis Shicker, Michael Lemke, and Dorretta O'Brien of the Illinois Department of Corrections (collectively "IDOC defendants") move to dismiss the complaint against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, this Court denies the motion.

**Background**

Plaintiff, Carl Hemphill is an inmate at Stateville Correctional Center. In his Second Amended Complaint, Hemphill alleges that the defendants, including the IDOC defendants, were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights against cruel and unusual punishment. Hemphill alleges that defendants failed to diagnose and treat the chronic pain in his shoulder for the last three years and have denied him access to physical therapy and follow-up treatment.

---
[1] The IDOC defendants elected not to file a reply in support of their Motion to Dismiss.

Defendant, Dr. Louis Shicker, is the IDOC medical director with management and administrative responsibilities at Stateville. Dr. Shicker is in charge of policies and procedures for the provision of medical care in all IDOC facilities. Defendant Michael Lemke was the Warden at Stateville for the relevant time period. As Warden, Lemke was responsible for the custody and care of all prisoners at Stateville and the supervision of all employees. He had the authority to establish, alter, and administer policies and procedures at the prison. Dorretta O'Brien was the Assistant Warden of Programs at Stateville during the relevant time.

Hemphill filed three grievances, the first on July 28, 2013, and appeals to the review board before writing letters on December 9, 2013, to Lemke and O'Brien detailing his medical condition, treatment, and ongoing pain. He complained of inadequate treatment by the medical staff employed at Stateville. The instant lawsuit followed. The medical defendants, including Wexford Health Sources, Inc., Dr. Saleh Obaisi, Ann Hundly Davis, and Latonya Williams, have answered the Second Amended Complaint. The IDOC defendants now move to dismiss.

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief…to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting Fed. R. Civ. P. 8(a)(2)). The plaintiff does not need to provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Id.* When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

The IDOC defendants move to dismiss, arguing that Hemphill fails to allege personal involvement in the conduct sufficient to state a claim under section 1983. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Hemphill asserts that he adequately alleged personal knowledge of his medical condition and a failure to act sufficient to infer a claim for deliberate indifference at the pleading stage.

To state a claim for deliberate indifference, Hemphill must allege (1) that he has an objectively serious medical condition, and (2) that the responsible prison officials were subjectively aware of the condition, and consciously disregarded the risk to Hemphill's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Hemphill must allege that a prison official, acting with a culpable state of mind, knew of a significant risk to the inmate's health and disregarded that risk. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective prong is not at issue. Therefore, this Court only addresses the subjective element.

The subjective element of deliberate indifference can include conduct such as the refusal to treat a prisoner's chronic pain, *Jones*, 193 F.3d at 490, or the refusal to provide prescribed pain medication, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999). While there is no liability on a *respondeat superior* theory under section 1983, *Burks*, 555 F.3d at 593, "the turning of a blind eye to the legitimate medical needs of a prisoner-patient, including his complaints of pain, can constitute a violation of the Eighth Amendment." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009). Whether prison officials acted with deliberate indifference generally presents a question of fact. *Sherrod*, 223 F.3d at 611.

Here, Hemphill alleges that by June 2013, medical professionals at Stateville had informed him he needed an MRI in order to diagnose the cause of his shoulder pain, but has never been

provided an MRI. The failure to properly diagnose and treat his condition left Hemphill in unresolved pain, according to his complaint. Hemphill further asserts that his pain was inadequately managed. The Second Amended Complaint identifies Louis Shricker as the IDOC Medical Director, who had management and administrative responsibilities at Stateville. The complaint further alleges that Dr. Shicker is in charge of IDOC policies and procedures on the provision of medical care at all IDOC facilities. Shicker's position as a doctor and Medical Director at Stateville, imposes a certain responsibility for insuring that prison inmates receive adequate medical care. This role with administration and oversight of the prison medical care is a sufficient basis from which to infer his personal involvement in the denial of such care at the pleading stage of the proceeding. *See Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). On December 9, 2013, Hemphill wrote defendants Lemke and O'Brien each a letter regarding his medical condition and need for treatment, including an MRI. They did not respond. Hemphill had also filed three grievances detailing his pain and the lack of adequate treatment. Based on these facts, this Court finds Hemphill sufficiently alleges deliberate indifference to his serious medical need against the IDOC defendants.

The IDOC defendants also argue that they relied on the medical staff to provide adequate care and they cannot be held liable for the medical staff's conduct. The prison officials however cannot ignore an inmate's requests for help, grievances, and complaints of inadequate medical care. The IDOC defendants had the authority by virtue of their positions to intervene on Hemphill's behalf to rectify the situation, at the pleading stage it is reasonable to infer that they either approved of "or turned a blind eye to his allegedly unconstitutional treatment." *Id.* (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 2009)). It may turn out following discovery that Shicker had no personal knowledge of Hemphill's condition or that the IDOC defendants reasonably relied on the medical personnel to provide appropriate medical treatment. At this stage however this Court construes the

allegations in the light most favorable to the plaintiff and finds Hemphill sufficiently alleges deliberate indifference to a serious medical need.

**Conclusion**

Based on the foregoing discussion, this Court denies the motion to dismiss [35] the Second Amended Complaint. The IDOC defendants are allowed 21 days to file their Answer.

IT IS SO ORDERED.

Date: May 23, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge